IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **TATIANNA CAMILLE SWANSON**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: |
| v. | : | |
| | : | |
| **WALMART, INC.**, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, **TATIANNA CAMILLE SWANSON** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant, **WALMART, INC**. (hereafter referred to as "Walmart" and "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by an "Instant Pot Duo IP-DUO 60 V3" (hereafter generally referred to as "pressure cooker(s) or "subject pressure cooker") marketed, imported, distributed, and sold by Walmart and designed, manufactured, marketed, imported, distributed and/or sold Instant Brands, LLC. ("Instant Brands"). Instant Brands is currently engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. *See In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].

2. Defendant markets, imports, distributes, and sell a wide-range of consumer products,

including the subject "Instant Pot IP-DUO 60 V3."

3. Said pressure cookers are advertised as convenient and safe and are touted for their supposed "safety"[1] features, which claim to prevent the units from being opened while in use. Despite these claims of "safety," Defendant marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4. Specifically, said defects manifest themselves when, despite claims to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. In this case, the lid was able to be rotated, opened, and removed while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages.

5. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

6. As a direct and proximate result of Defendant and Instant Brands, LLC's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

---

[1] *See* "10 Safety Mechanisms – Duo, Duo Plus, Lux, Nova, Nova Plus and Viva," https://www.instanthome.com/support/instant/resources (last accessed December 18, 2025).

## **PLAINTIFF TATIANNA CAMILLE SWANSON**

7. Plaintiff is an adult resident and citizen of the City of Bradenton, County of Manatee, State of Florida. Plaintiff therefore is a resident and citizen of the State of Florida for purposes of diversity pursuant to 28 U.S.C. § 1332.

8. Plaintiff's mother-in-law purchased the subject pressure cooker from the Walmart store located 17000 S Tamiami Trl, North Port, FL 34287.

9. On or about February 22, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker retained pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cookers supposed "safety mechanisms" and "pressure control features" which purport to keep the consumer safe while using the pressure cooker.

## **DEFENDANT WALMART.COM, INC.**

10. Defendant Walmart markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

11. Walmart is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

12. At all times relevant, Walmart substantially participated in the marketing, import, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

15. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Florida and intentionally availed itself of the markets within Florida through the promotion, sale, marketing, and distribution of its products.

16. Instant Brands is currently engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. *See In re: Instant Brands Acquisition Holdings, Inc., et. al*., 4:2023-bk-90716 [Dkt. 1].

## FACTUAL ALLEGATIONS

17. Defendant is engaged in the business of marketing, importing, distributing, and selling consumer products, including the subject "Instant Pot Duo Pressure Cooker," which specifically includes the IP-DUO 60 V3 model that is at issue in this case.

18. The subject pressure cooker was designed, manufactured, marketed, imported, distributed, and/or sold by Instant Brands, LLC.

19. On or about June 12, 2023, Instant Brands filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay was imposed. See *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].

20. The pressure cookers marketed, imported, distributed, and sold by Defendant purport to be designed with "Safety Mechanisms"[2] which purport to eliminate many common errors which may cause harm or spoil food, misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use.

21. However, said pressure cookers are not compliant with industry standards, including, but not limited UL 1026 and UL 136 due to the ability to remove the lid of the pressure cooker while it remains pressurized using only nominal force.

22. Plaintiff purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

23. Plaintiff used the pressure cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by the Defendant.

24. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured in that it failed to properly function as to prevent the lid from being rotated, opened, and removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

25. The subject pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

---

[2] *Id.*

26. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

27. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of the pressure cookers.

28. As a direct and proximate result of Defendant's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, and its failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

29. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of the subject pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT ONE
### STRICT LIABILITY (DEFECTIVE DESIGN)

30. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

31. Defendant is the seller, distributor, marketer, and supplier of the subject pressure cooker which was defectively designed and was unreasonably dangerous for its intended use by foreseeable consumers such as Plaintiff.

32. The subject pressure cooker was unreasonably dangerous in design due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure,

during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

33. The aforementioned design defects rendered the subject pressure cooker unsafe and unfit for its intended use.

34. The subject pressure cooker was in this defective and dangerous condition at the time it left Defendant's possession.

35. Defendant failed to act reasonably in choosing to distribute, market, supply, and sell a pressure cooker designed in such a way that it failed to prevent the lid from being able to be rotated and opened while the pressure cooker was still under pressure.

36. Defendant could and should have used a safer alternative design to prevent the removal of the lid of the pressure cooker while it remained pressurized.

37. A reasonable consumer, including Plaintiff, would not have reason to expect that the subject pressure cooker would retain pressure despite the appearance that all pressure had been released, would not be able detect any such defect, and would not have any knowledge as to how to prevent such an incident occurring.

38. The subject pressure cooker was expected to reach, and did reach, the intended consumers, including Plaintiff, without substantial change in the condition in which it was sold.

39. Plaintiff did not misuse or materially alter the subject pressure cooker and is unaware as to how she could have avoided the incident.

40. The subject pressure cooker was defective at the time of its design, and such defects and risks of harm outweighed the utilities and/or benefits of its design.

41. At the time it was sold, Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public.

42. As a direct and proximate result of the design defects contained within the subject pressure cooker, Plaintiff suffered and continues to suffer injuries and damages, for which the Defendant in this case is liable.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT TWO
## NEGLIGENCE

43. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

44. Defendant had a duty of reasonable care to market, distribute, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

45. Defendant failed to exercise ordinary care in the sale, warnings, quality assurance, quality control, distribution, advertising, promotion, importation, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

46. Defendant was negligent in the advertising, warning, marketing, importation, distribution, and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Failed to report incidents of injuries, as required by the Consumer Products Safety Act (CPSA);

   c. Failed to ensure the pressure cookers complied with UL 136/1026;

8

      d. Placed an unsafe product into the stream of commerce; and

      f. Was otherwise careless or negligent.

47. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered and continues to suffer injuries and damages, for which the Defendant in this case is liable.

    **WHEREFORE,** Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## **INJURIES & DAMAGES**

48. As a direct and proximate result of Defendant's strict liability, negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering due to debridement and skin grafting procedures resulting from the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

49. As a direct and proximate result of Defendant's strict liability, negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and permanent disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

50. As a direct and proximate cause of Defendant's strict liability, negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses in excess of $47,000.00 and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the burns she suffered as a result of the incident. Plaintiff is entitled to

recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages in excess of $75,000 to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

**JOHNSON BECKER, PLLC**

Dated: January 13, 2026

*/s/ Lisa A. Gorshe, Esq.*
Lisa A. Gorshe, Esq. (FL #122180)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Tel.: (612) 436-1800
Fax: (612) 436-1801
lgorshe@johnsonbecker.com

*Attorneys for Plaintiff*